**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| G-CON MANUFACTURING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No._____ |
| | § | |
| BIOSCIENCESCORP., LLC | § | RE: BREACH OF CONTRACT |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff G-CON Manufacturing, Inc. ("G-CON") files this Original Complaint against Defendant BioSciencesCorp, LLC ("BioSciencesCorp") and respectively states as follows:

**I.       PRELIMINARY STATEMENT**

1.      G-CON seeks recognition, confirmation, and enforcement of a money judgment award rendered in its favor against BioSciencesCorp by the District Court of Brazos County, Texas, 272nd Judicial District, entered on May 15, 2023 ("Final Judgment"), to enable G-CON to enforce the Final Judgment against assets located in this jurisdiction that belong to BioSciencesCorp. An exemplified copy of the Judgment signed and affixed with the seal of the Clerk of Courts for the District Court of Brazos County, Texas, is attached as Exhibit 1.

2.      In the alternative, G-CON alleges that BioSciencesCorp breached its agreement with G-CON to pay for services and goods provided by G-CON to BioSciencesCorp. BioSciencesCorp has alleged that the goods and services provided by G-CON were provided to BioSciencesCorp, LLC, a Delaware company that is owned by the same persons who own BioSciencesCorp.

## II.     PARTIES

3. Plaintiff G-CON Manufacturing, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Brazos County, Texas.

4. Defendant BioSciencesCorp, LLC is a limited liability company organized under the laws of Puerto Rico, with its principal place of business in Dorado, Puerto Rico. BioSciencesCorp., LLC may be served with process through its registered agent for service Robert Salcedo, 425 Carr 693 St, 1 PMB 220 Dorado, Puerto Rico 00646, or wherever it may be found.

## III.     JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship among the parties to this suit and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. G-CON is incorporated in Delaware and its principal place of business is in Brazos County, Texas. BioSciencesCorp is formed under the laws of Puerto Rico and its principal place of business is in Dorado, Puerto Rico. On information and belief, BioSciencesCorp's members are Daniel Chang and Robert Salcedo. On information and belief, Mr. Chang is domiciled in California and Mr. Salcedo is domiciled in Puerto Rico. Thus, there is complete diversity of citizenship.

6. This Court has personal jurisdiction over BioSciencesCorp because BioSciencesCorp conducts business in Puerto Rico and maintains an office in this District.

7. Venue is proper in the District of Puerto Rico under 28 U.S.C. § 1391(b) because BioSciencesCorp is a resident and conducts business in this district.

## IV.     FACTUAL BACKGROUND

8. In December 2020, G-CON and BioSciencesCorp entered into an agreement under which G-CON would build customized modular clean rooms for BioSciencesCorp. G-CON built

the clean rooms, which were then shipped to BioSciencesCorp in Puerto Rico. G-CON also installed the clean rooms in Puerto Rico for BioSciencesCorp.

9. BioSciencesCorp failed to pay the outstanding balance on the amount it agreed to pay G-CON for the clean rooms. G-CON filed suit against BioSciencesCorp in the District Court of Brazos County, Texas, 272nd Judicial District, for breach of contract, among other claims, to collect the unpaid debt ("Texas Lawsuit"). A true and correct copy of the Original Petition in the Texas Lawsuit is attached as Exhibit 2.

10. G-CON made repeated attempts to serve BioSciencesCorp at the published address for BioSciencesCorp's registered agent, but was unable to complete service of process because the address was a private UPS Store mailbox.

11. G-CON requested and was granted an Order permitting substitute service. A true and correct copy of Plaintiff G-CON Manufacturing's Rule 106 Motion For Substitute Service is attached as Exhibit 3. A true and correct copy of the Order Granting Plaintiff G-CON Manufacturing's Rule 106 Motion For Substitute Service is attached as Exhibit 4.

12. In November 2022, G-CON properly served BioSciencesCorp pursuant to the Texas trial court's Order Granting Plaintiff G-CON Manufacturing's Rule 106 Motion For Substitute Service.

13. Despite proper service, BioSciencesCorp failed to answer or otherwise respond to the Texas Lawsuit.

14. On April 6, 2023, G-CON filed a Motion for Default Judgment. A true and correct copy of G-CON's Motion for Default Judgment is attached as Exhibit 5.

15. On May 15, 2023, the Texas trial court issued an Order Granting Default Judgment. *See* Exhibit 1.

16. On April 2024, G-CON again attempted to collect the amounts owed by BioSciencesCorp. In response, a representative of BioSciencesCorp alleged that the applicable agreement was with a separate company. A true and correct copy of communications with the BioSciencesCorp representative is attached as Exhibit 6. The other company, BioSciencesCorp, LLC, a Delaware limited liability company, has common ownership with BioSciencesCorp.

### V.     CAUSES OF ACTION

### COUNT 1
### ENFORCEMENT OF FINAL JUDGMENT

17. G-CON repeats and realleges the allegations contained in the preceding paragraphs of this Complaint.

18. The Final Judgment is entitled to recognition and enforcement under the Full Faith and Credit Clause of the United States Constitution, art. IV, § 1, because it is final, valid, and on the merits.

19. The Final Judgment is final because it disposes of all parties and claims at issue in the Texas Lawsuit.

20. The Final Judgment is valid because it is not void due to any constitutional infirmity, lack of jurisdiction, power of the rendering court, or other fundamental reasons. The Final Judgment was rendered pursuant to an exercise of power granted to the Texas Court, which possessed jurisdiction over the subject matter of the case and personal jurisdiction over BioSciencesCorp. In addition, the Final Judgment was rendered in compliance with due process requirements as notice was duly given to BioSciencesCorp at each stage of the proceedings in accordance with Rules 21a and 106 of the Texas Rules of Civil Procedure.

21. The Final Judgment is on the merits because it is an enforceable judgment issued after a finding that BioSciencesCorp was properly served with citation and that the damages sought by G-CON are proper.

22. Accordingly, the Final Judgment is entitled to full faith and credit in this District, pursuant to the Full Faith and Credit Clause, U.S. Const., art. IV, § 1.

23. Therefore, G-CON is entitled to judgment in its favor and against BioSciencesCorp as provided in the Final Judgment.

## COUNT 2
## BREACH OF CONTRACT

24. G-CON repeats and realleges the allegations contained in the preceding paragraphs of this Complaint.

25. G-CON entered into a valid and enforceable agreement with BioSciencesCorp wherein G-CON agreed to build customized modular clean rooms for BioSciencesCorp. G-CON performed its services according to the agreement. G-CON built the clean rooms, shipped the clean rooms to BioSciencesCorp in Puerto Rico, and installed the clean rooms in Puerto Rico. BioSciencesCorp breached the agreement by failing to pay the outstanding balance on the amount it agreed to pay G-CON for its services. As a result of the breach, G-CON has suffered damages of at least **$247,369.24.**

26. All conditions precedent to contract formation and to BioSciencesCorp' liability for breach of contract have been performed or have occurred.

## VI.    CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VII. ATTORNEYS' FEES

28. Due to BioSciencesCorp conduct, G-CON found it necessary to employ the undersigned counsel to represent it in this action. G-CON is entitled to recover from BioSciencesCorp its reasonable and necessary attorneys' fees incurred in this action pursuant to the applicable agreement and Texas Civil Practice and Remedies Code § 38.001.

## PRAYER FOR RELIEF

Plaintiff G-CON Manufacturing, Inc. respectfully requests that Defendant BioSciencesCorp, LLC be cited to appear and answer and that, after trial or other final hearing in this matter, the Court grants the following:

    a. Domesticate the Final Judgment as a judgment of this Court as to Defendant;

    b. Award Plaintiff actual damages;

    c. Reasonable and necessary attorneys' fees;

    d. Pre- and post-judgment interest at the highest legal or contractual rate allowed by law;

    e. Costs of court; and

    f. All further relief to which Plaintiff may be entitled to at law or in equity whether herein pled or unpled.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27 of August 2024.

**McCONNELL VALDÉS LLC**
Attorneys for Interpleader-Plaintiff
*G-CON MANUFACTURING, INC*

270 Muñoz Rivera Ave.
Hato Rey, Puerto Rico 00918
P.O. Box 364225,
San Juan, Puerto Rico 00936-4225
http://www.mcvpr.com
Tel. (787) 250-5654/5604
Fax. (787) 759-8282

/s/ Antonio A. Arias Larcada
Antonio A. Arias Larcada
USDC-PR Bar No. 204906
aaa@mcvpr.com

/s/ Lourdes A. Robles Torres
Lourdes A. Robles Torres
USDC-PR Bar No. 302602
lar@mcvpr.com

Stibbs & Co., PC, Attorneys

/s/ Michael D. Ellis
Michael D. Ellis (*pro hac vice pending*)
Texas Bar No. 24081586
mellis@stibbsco.com
831 Crossbridge Dr.
Spring, Texas 77373
Telephone: (281) 367-2222
Facsimile: (281)-681-2330

**ATTORNEYS FOR PLAINTIFF G-CON MANUFACTURING, INC.**